## DOTY, FAY & CO.
### vs.
## ARTHUR N. WHEELER, ET AL.

Superior Court          Fairfield County          File #40875

Present:   Hon. ALFRED C. BALDWIN, Judge.

Henry Greenstein,              Attorney for the Plaintiff.

Pond, Morgan & Morse;
Goldstein & Flanagan;
Williamson, Willis, Lister & Foster;
Marsh, Stoddard & Day;
Sidney Johnson,              Attorneys for the Defendants.

## MEMORANDUM FILED APRIL 22, 1935.

BALDWIN, J.   On August 19, 1932, the defendant, O. F. Ozley & Company, Incorporated, executed and delivered to

plaintiff its note for $3700.66 with interest, payable to the order of the plaintiff ninety days after date. This note was endorsed by the defendants Arthur N. Wheeler and O. F. Ozley. The defendant Wheeler had been with O. F. Ozley Company, Incorporated from the time of its incorporation and the debt upon which this note was given had existed from sometime prior to the date of the note.

On December 5, 1932, plaintiff demanded payment of this note from the maker who refused to pay and on that day notice of such demand and refusal was given to the defendants Wheeler and Ozley.

This note is now owned by the plaintiff and it has not been paid.

The defendant Wheeler, for approximately thirty-four years, has been engaged in the finance business which business ran into several millions of dollars. On October 9, 1932, by quit-claim deed he conveyed to the defendant George H. Hauslaib a farm in Newtown consisting of 33¼ acres, more or less. This farm was assessed upon the grand list of Newtown at $3800. It was purchased by Wheeler May 14, 1928, less than five months before he conveyed it to Hauslaib, and it was unencumbered.

He also on October 9, 1928, by quit-claim deed, conveyed to the defendant Hauslaib real estate located in Trumbull, consisting of 71 acres of land with a house and buildings thereon. This real estate was assessed upon the grand list of Trumbull at $28,000. or thereabouts, and this was unencumbered. This was the Wheeler homestead and it had been in the Wheeler family for upwards of two hundred years.

On this same day, October 9, 1928, by quit-claim deed, he also conveyed to the defendant Hauslaib, another tract of land with the buildings thereon, located in Trumbull, which Hauslaib had rented from Wheeler since 1919, for a yearly rental of $360. This real estate was assessed on the grand list of Trumbull at about $4300., and it was, at the time of this conveyance, unencumbered.

The real estate conveyed to Hauslaib is as described in the complaint. It includes upwards of one hundred and twenty acres with buildings and is assessed in the towns where located at upwards of $36,000.

These conveyances are absolute, with no reservations whatever. They were drawn by a lawyer in New Haven.

Wheeler is of the age of approximately 65 years, happily married, his wife being of the age of approximately 60 years. They have no children.

Wheeler had a secret oral agreement with Hauslaib that he, Wheeler and his wife, were to have the right to live in the Wheeler homestead during their lives. The lawyer who drew the deeds was not advised of this oral agreement. No provision was made to evidence these rights nor for the protection of either of these rights in the event of the death of Hauslaib, or the sale or conveyance of the property by Hauslaib during Wheeler's life or the life of his wife.

The consideration for the conveyance of these properties was Wheeler's love and affection for Hauslaib.

Since these conveyances, Wheeler has paid taxes on these properties and he has made substantial repairs and improvements thereon including painting of the homestead and putting a new roof on the house, buying ashes for the improvement of the driveway, repairing fences and buying fertilizer for the farm. He spent $370. for trees and shrubbery, "which he likes to see grow", and set the same upon the farm. He has spent, since these conveyances, about $4000. in repairs and improvements upon the Trumbull real estate with neither oral nor written agreement with Hauslaib relating thereto. Mrs. Wheeler, with another, conducts upon the Trumbull property a chicken farm, paying no rent therefor and with no agreement with Hauslaib relating thereto.

On two occasions since these conveyances Wheeler had an engineer lay and stake out building lots on the Trumbull property, which lots were laid out for the purpose of sale.

August 13, 1931, Hauslaib executed a mortgage for $12,000. to the Newtown Savings Bank on the Trumbull property which mortgage Wheeler took an active part in negotiating receiving from the proceeds $5439.02 for which he gave Hauslaib no note or other evidence of this claimed loan. Of the balance, some $6000. or upwards, Wheeler expended for United Illuminating stock which he took in the name of Hauslaib, which stock Wheeler sold for $3400., Wheeler receiving the money or check and using it to pay notes of Hauslaib at various banks. Hauslaib did not know to whom

Wheeler sold the stock, nor the banks at which he owed notes nor the amount or amounts thereof, nor did Wheeler ever account to him for the use of that money.

Wheeler testified that in October, 1928, when he executed these conveyances he was indebted to various banks in amount not less than $250,000. which was largely secured by collateral and that his net worth was not less than $250,000. over and above his indebtedness and that in October, 1929, his net worth was at least $350,000. and that in February, March or April, 1932, he became insolvent.

Although in the finance business for more than thirty years which business ran into several millions of dollars he has no books of account, cancelled checks or income tax papers and claims never to have kept any books prior to January 1, 1930, after which date he has kept books. In these books an account with Hauslaib appears which purports to evidence a series of loans from Hauslaib to Wheeler, beginning March 25, 1930 and extending to August 6, 1932, which loans amount to $5839.02.

In October, 1928, he owed the First National Bank of Bridgeport $35,449.91 on a note, the original amount of which note was $21,000. The bank held collateral security at that time to the extent of $31,222.21. It appeared, however, in evidence that in 1928 this collateral should have been worth more than was due on the note. There is now due on this note $1510.55.

. In 1927, The City National Bank recovered a judgment against Wheeler for $21,704.66. This judgment went by default, although Wheeler appeared by counsel. Execution was returned wholly unsatisfied, the officer having made demand April 27, 1927. This judgment debt was subsequently paid.

On June 21, 1930, Wheeler conveyed to the defendant Hazel M. Cavanaugh three pieces of real estate described in the complaint. One parcel is located on Colorado Avenue and has a double house located thereon; one parcel is located on Denver Avenue and the other is on Center Street and has a two-family house thereon. These properties are assessed at approximately $13,900. A mortgage of $4000. on the Colorado Avenue and Denver Avenue properties has been reduced to $600. and a mortgage of $6000. on the Center Street property has been substantially reduced.

The consideration for the conveyance of these properties Wheeler claimed to be cash which the defendant Cavanaugh had loaned to him, cash he had received for stocks he had sold for her and a note which he had given her; in the total, approximately $11,170., and he claims to owe her approximately $815.

The rentals for these properties up until November, 1933, when Wheeler was adjudicated a bankrupt, were collected by Wheeler and then by Mrs. Wheeler and Miss Cavanaugh together.

Under an oral agreement with Miss Cavanaugh, Wheeler caused repairs to be made upon these properties after these conveyances, including painting of the houses. No account or other documentary evidence was offered to corroborate the claim of Wheeler regarding his indebtedness to Miss Cavanaugh, and while Miss Cavanaugh was present in court throughout the trial, she did not take the witness stand and testify.

That Wheeler had engaged in the finance business extending over a period of thirty-four years, which business aggregated several millions of dollars, and kept no books, and then on January 1, 1930, after having conveyed away upwards of thirty-six thousands of dollars worth of property (including his ancestral home which had been in the Wheeler family for over two hundred years), leaving him only approximately from ten to twelve thousands of dollars worth of real property, he then opened books of account and has since kept books of account, is asking the Court to believe a claim that does not accord with the experience of men in business.

That Wheeler should convey, by absolute deed, at his time in life and when in failing financial circumstances so substantial value in property for the consideration of love and affection, to a man to whom he had rented a small part of the property conveyed for $360. a year, with no more substantial reason for entertaining such love and affection than appears in this case, orally reserving, only the right to live on a part of the property as long as he wished, with no provision for his protection in the event his grantee should decease or convey the property during Wheeler's life, and he, Wheeler, having a wife, of very near his age, engaged in the chicken business upon some of this property, with no protection reserved for her, is asking me to believe a most highly

improbable set of circumstances.

Wheeler testified that at the time of these conveyances he had indebtedness of $250,000. His claim that he was solvent was without support. He was heavily in debt and in the light of the circumstances disclosed, the inference is irresistible that he was insolvent and that these conveyances were executed for the sole purpose of cheating and defrauding creditors then existing as well as creditors in the future.

He continued in possession of the property and exercised dominion and control over it and there was no intention upon his part to make a gift, nor to convey it for love and affection and his grantee, Hauslaib, well knew and was party to the fraudulent conveyances.

Judgment may be entered setting aside the attempted conveyances to the defendant Hauslaib of the property described in the complaint and vesting title thereto in the defendant Wheeler as it was at the time of such attempted conveyances.

In June, 1930, Wheeler conveyed, as hereinbefore referred to, properties described in the complaint to the defendant Cavanaugh. Conveyance of these properties divested Wheeler of all his remaining properties. The claimed consideration was existing indebtedness. This claim lacks corroboration. Wheeler continued to collect rents from these properties and assumed the expenses for repairs. The conduct of the parties is inconsistent with an honest intent to convey, and no such intent existed. The conveyance of these properties was with the fraudulent intent to cheat and defraud his then existing and subsequent creditors and the defendant Cavanaugh well knew and was party to that fraudulent transaction.

Judgment may be entered setting aside the attempted conveyance of the properties to the defendant Cavanaugh described in the complaint and vesting title thereto in the defendant Wheeler as it was at the time the attempted conveyance of such properties was made.

No question was raised but that O. F. Ozley and Company, Incorporated, as maker and Arthur N. Wheeler and O. F. Ozley as endorsers were liable on the note dated August 19, 1932, for $3700.66 with interest from its date, which interest amounts to $593.96.

Judgment may also be entered against the defendants O. F. Ozley Company, Incorporated, and Arthur N. Wheeler and O. F. Ozley for $4294.62.